# STORCH AMINI PC

**Bijan Amini**
MEMBER NY & DC BARS

212.497.8217
bamini@storchamini.com

July 26, 2019

**By ECF and Overnight Mail**

Honorable Stuart M. Bernstein
U.S. Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, New York 10004

Re: Sama v. Mullaney, et al. (In re Wonderwork, Inc.), No. 18-ap-1873

Dear Judge Bernstein:

We represent Defendant Brian Mullaney ("Mullaney") in this adversary proceeding and write as requested at the June 27, 2019, hearing, and pursuant to the Order entered July 19, 2019 (ECF No. 50), to address specified matters raised by the Court in connection with Defendants' pending motions to dismiss.[1]

Examiner's Report and KMPG Complaint. Mullaney has no objection to the Court's consideration of Plaintiff's separate complaint against KPMG, or the specific factual statements in the Examiner's report, or in its exhibits, that are referenced in Plaintiff's complaint herein. *Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991). Defendants have asked the Court to consider other aspects of the documents thus incorporated in, or integral to, the complaint in considering their motions to dismiss. *San Leandro Emergency Med. Grp. Profit Sharing Plan v. Philip Morris Companies, Inc.,* 75 F.3d 801, 809 (2d Cir. 1996) (on a motion to dismiss defendant may reference portions of documents not referenced by plaintiff's complaint). The documents and parts thereof that we have asked that the Court consider have been generally cited by page number or section reference in our briefing, and relevant portions are annexed as exhibits hereto. An index of the subject documents follows.

Waste Claim. At argument, the Court posited that Plaintiff's waste claim might be governed by New York law. Tr. 45:10-47:3. Mullaney respectfully submits that, regardless of whether that otherwise could be true, the parties' briefing the issue under Delaware law constitutes an agreement to apply Delaware law that should be enforced in any event. *See, e.g., Fed. Ins. Co. v. Am. Home Assur. Co.*, 639 F.3d 557, 566 (2d Cir.2011) ("The parties' briefs assume that New York law controls, and such 'implied consent ... is sufficient to establish choice

---

[1] Mullaney addresses only those matters relevant to his own Rule 12(b)(6) motion and reserves the rights with respect to other matters asserted by or against other Defendants should they become relevant to his defenses.

Hon. Stuart M. Bernstein
July 26, 2019
Page 2

of law.'" (quoting *Krumme v. WestPoint Stevens Inc.*, 238 F.3d 133, 138 (2d Cir. 2000), quoting *Tehran-Berkeley Civil & Envt'l Eng'rs v. Tippetts-Abbett-McCarthy-Stratton*, 888 F.2d 239, 242 (2d Cir. 1989).) *See also Alphonse Hotel Corp. v. Tran*, 828 F.3d 146, 152 (2d Cir. 2016) (same).

   We continue to appreciate the Court's consideration.

                                        Respectfully yours,

                                        /s/

                                        Bijan Amini

Enclosures

cc: counsel of record by ECF