*1301 Avenue of the Americas*
*21st Floor*
*New York, New York 10019*
*Tel: 212 907-9700*
*www.sgrlaw.com*

SMITH, GAMBRELL & RUSSELL, LLP
*Attorneys at Law*

*John G. McCarthy*
*Direct Tel: 212-907-9703*
*Direct Fax: 212-907-9803*
*jmccarthy@sgrlaw.com*

October 23, 2019

*COURTESY COPY*

**Via ECF**

Honorable Stuart M. Bernstein
United States Bankruptcy Judge
One Bowling Green
New York, New York 10004-1408

    Re:   *Sama v. Mullaney (In re WonderWork, Inc.)*,
           Adv. Proc. No. 18-1873 (SMB)

Dear Judge Bernstein:

We are the attorneys for defendants Clark Kokich, Steven Levitt, Richard Price and Steven Rappaport each of whom are members of the "Class of 2016". We respectively submit this correspondence on their behalf in response to the October 15, 2019 letter to the Court from plaintiff Victor A Sama. (Dkt. No. 64.)

At the June 27, 2019 hearing, responding to objections as to the "group pleading" in, and conclusory allegations of, the complaint, the Court granted plaintiff leave to submit "a specific factual statement or an exhibit" from the 300-page Examiner's Report upon which plaintiff relied in asserting claims against each defendant. (Dkt. No. 49, pp. 82-83.)

As the Court noted at the subsequent hearing on September 24, 2019, plaintiff instead submitted the "300-page examiners report and thousands of pages of exhibits"—a literal document dump that the Court properly and summarily rejected as not addressing the intended purpose "to cure deficiencies that the defendants had suggested were in the complaint." (Dkt. No. 63, p. 6.)

After denying plaintiff leave to serve an amended complaint, the Court gave plaintiff another "Mulligan" to afford plaintiff "the opportunity to point out the factual

SGR/21771301.1



Atlanta | Austin | Jacksonville | London | Los Angeles | Miami | Munich | New York | Southampton | Washington D.C.

COURTESY COPY

Honorable Stuart M. Bernstein
October 23, 2019
Page 2

allegations that were in the examiner's report but weren't in the complaint"—with the stated expectation that "there would be very few references." (*Id.* at 9-10.)

To the contrary, however, plaintiff exceeded the Court's limited mandate by submitting 11 pages of single-spaced tables (in a small font) containing hundreds of references to documents, and essentially recycled its original submission that the Court had rejected.

Moreover, rather than following the Court's admonition that, "[i]f there are specific factual references, quote them," (*Id.* at 10), plaintiff has, for the most part, taken the opportunity to "rebrief" the motion to dismiss with self-serving and misleading characterizations of the content of the referenced report and documents. At the September conference, the Court unequivocally told plaintiff that such a submission was not appropriate:

> I scheduled this conference because what the plaintiff gave me is not what I asked for … In addition, the chart that you gave me, while some of it does specify factual allegations or quotes, a lot of it is your spin on what relevance is of a particular reference. And if that's what you want, **I'm not going to read it**, and I'll just read the complaint and any specific references to the examiner's report and look at it.

(*Id.* at 6 (emphasis added).)

Accordingly, we respectfully request the Court reject plaintiff's latest submission. To avoid the unnecessary expense of attempting to parse through and respond to plaintiff's recycled spin, we respectfully request that the Court confirm, prior to the current November 5, 2019 response deadline, that defendants do not need file responses as the Court will not read the plaintiff's clearly inappropriate submission.

Respectfully yours,

John G. McCarthy

cc:   Counsel of record
      (via ECF only)

JGM/aeh

**MEMO ENDORSED**

The parties should appear for a conference on Nov. 7, 2019 at 10:00 a.m. All deadlines in this matter are adjourned pending the conference.
So ordered: 10/29/19

SMB
USBJ

SGR/21771301.1