UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------- X
In re:                                                        :
                                                              :
WONDERWORK, INC.,                                             :   Chapter 11
                                                              :
                             Debtor.                          :   Case No. 16-13607 (SMB)
                                                              :
------------------------------------------------------------- :
VINCENT A. SAMA, as Litigation Trustee of the                 :   Adv. Pro. No. 18-01873 (SMB)
WONDERWORK LITIGATION TRUST,                                  :
                                                              :
                             Plaintiff,                       :
      -against-                                               :
                                                              :
BRIAN MULLANEY, HANA FUCHS,                                   :
THEODORE DYSART, RAVI KANT, JOHN J.                           :
CONEYS, STEVEN LEVITT, CLARK KOKICK,                          :
STEVEN RAPPAPORT, RICHARD PRICE, and                          :
MARK ATKINSON,                                                :
                                                              :
                             Defendants.                      :
------------------------------------------------------------- X
```

**ORDER ON DEFENDANTS' MOTIONS TO DISMISS THE
AMENDED COMPLAINT AND MOTION FOR MORE DEFINITE STATEMENT**

This matter having come before the Court on the motion to dismiss of Defendant Brian Mullaney ("Mullaney") or, in the alternative, motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e) (ECF Doc. #82-84), and motions to dismiss of Hana Fuchs ("Fuchs") (ECF Doc. #88-90), Theodore Dysart ("Dysart") (ECF Doc. #92), John J. Coneys ("Coneys") (ECF Doc. #80-81), Clark Kokich ("Kokich"), Steven Levitt ("Levitt"), Richard Price ("Price"), and Steven Rappaport ("Rappaport") (ECF Doc. #77-79), and Mark Atkinson ("Atkinson") (ECF Doc. #86-87)[1]; and Plaintiff Vincent A. Sama, as Litigation Trustee of the WW Litigation Trust, having

---

[1] Dysart, Coneys, Levitt, Kokich, Rappaport, Price and Atkinson are collectively referred to herein as the "Director Defendants."

1

opposed Defendants' motions (ECF Doc. #94); and the Defendants having filed reply briefs in support of their respective motions (ECF Doc. #95-99); and the Court having entered a Memorandum Decision Granting in Part and Denying in Part Defendants' Motions to Dismiss and Directing in Part a More Definite Statement (ECF Doc. #104, "<u>Memorandum Decision</u>"); now, therefore, for reasons set forth in the Memorandum Decision, it is hereby:

ORDERED, that Defendant Dysart's motion to dismiss the First Claim of the Amended Complaint is granted in part and denied in part as set forth in the Memorandum Decision; and it is further

ORDERED, that Defendant Coneys' motion to dismiss the Second Claim of the Amended Complaint is granted in part and denied in part as set forth in the Memorandum Decision; and it is further

ORDERED, that Defendants Kokich, Levitt, Price, and Rappaport's motion to dismiss the Third, Fourth, Fifth and Sixth Claims of the Amended Complaint is granted in part and denied in part as set forth in the Memorandum Decision; and it is further

ORDERED, that Defendant Atkinson's motion to dismiss the Seventh Claim of the Amended Complaint is granted in part and denied in part as set forth in the Memorandum Decision; and it is further

ORDERED, that Defendant Fuchs' motion to dismiss the Ninth Claim of the Amended Complaint is granted in part and denied in part as set forth in the Memorandum Decision; and it is further

ORDERED, that Defendant Mullaney's motion to dismiss in part the Amended Complaint is granted in part and denied in part as set forth in the Memorandum Decision, and Mullaney's

motion for a more definite statement is hereby granted as set forth in the Memorandum Decision; and it is further

ORDERED, that, by no later than **January 21, 2021**, Plaintiff shall file and serve a second amended complaint which, as set forth in the Memorandum Decision,

    (a)    Pleads only the following claims against the Director Defendants (i) breach of fiduciary duty in awarding bonuses to Mullaney for the years 2013, 2014 and 2015 (Dysart and Coneys only), (ii) breach of fiduciary duty in allegedly awarding a bonus to Mullaney for 2016 (Coneys only), (iii) breach of fiduciary duty concerning the "limbo pay" scheme (Dysart, Coneys and Atkinson only), (iv) breach of fiduciary duty regarding the Debtor's payment of Mullaney's personal legal fees, expenses and settlements (Dysart and Coneys only), (v) breach of fiduciary duty regarding the impact loans obtained by the Debtor (Dysart and Coneys only), (v) breach of the fiduciary relating to the Debtor's characterization and use of restricted donations (all Director Defendants), (vi) breach of fiduciary duty relating to the manner of his resignation as a director (Dysart only), and (vii) breach of fiduciary duty relating to the alleged failure to cooperate with BDO from May through September 2017 (all Director Defendants except Dysart);

    (b)    Pleads only the following claims against Fuchs (i) breach of fiduciary duty concerning the "limbo pay" scheme, (ii) breach of fiduciary duty relating to the alleged payment or reimbursement of Mullaney's personal, unsubstantiated, and/or excessive expenses in violation of the Debtor's travel policy, (iii) breach of fiduciary duty with respect to the compensation that Fuchs and Mullaney caused the Debtor to pay to Fuchs, (iv) breach of fiduciary duty of care with respect to the failure to segregate restricted donation, and (v) breach

1" = "1" "SGR/24054052.5" "" SGR/24054052.5

of fiduciary duty with respect to the second installment of the post-petition salary payment made to Mullaney in October 2017;

(c) Pleads only the following claims against Mullaney for (i) breach of fiduciary concerning Mullaney's "limbo pay" scheme, (ii) breach of fiduciary duty with respect to Mullaney's personal, unsubstantiated and/or excessive expenses in violation of Debtor's travel policy, (iii) breach of fiduciary duty with respect to reimbursement/payment for Mullaney's life insurance premiums, (iv) breach of fiduciary duty with respect to alleged misrepresentations to prospective donors, (v) breach of fiduciary duty with respect to Fuchs' Employment Agreement, signing bonus, and compensation, (vi) breach of fiduciary duty with respect to the excessive compensation that Mullaney caused the Debtor to pay to Lazarus and Greenwood, (vii) breach of fiduciary duty with respect to the second installment of the post-petition salary payments made in October 2017, (viii) avoidance and recovery of preferential transfers, (ix) avoidable transfer under Section 549 with respect to the second installment of the post-petition salary payments made in October 2017, and (x) disallowance of Mullaney's unsecured claim and his claims asserted against Debtor; and provides a more definite statement solely regarding the fraudulent and avoidable transfer claims; and it is further

ORDERED, that, by no later than **February 18, 2021**, (a) Defendant Mullaney shall move only with respect to Plaintiff's more definite statement of the fraudulent and avoidable transfer claims or shall file an answer to the second amended complaint and (b) all other Defendants shall file their answers to the second amended complaint.

Dated: January 19, 2021  
      New York, New York

SO ORDERED

**/s/ STUART M. BERNSTEIN**  
Honorable Stuart M. Bernstein  
United States Bankruptcy Judge

1" = "1" "SGR/24054052.5" "" SGR/24054052.5