Bijan Amini
Michael Igyarto
AMINI LLC
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
bamini@aminillc.com
migyarto@aminillc.com
*Attorneys for Defendant Brian Mullaney*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

| | |
|---|---|
| **In re:** : | |
| : | **Chapter 11** |
| **WONDERWORK, INC.,** : | |
| ------------------------------------------------------------: | **Case No. 16-13607 (SMB)** |
| **VINCENT A. SAMA, as Litigation Trustee** : | |
| **of the WW LITIGATION TRUST,** : | **Adv. No. 18-1873 (SMB)** |
| : | |
| **Plaintiff,** : | |
| : | |
| **-against-** : | |
| : | |
| **BRIAN MULLANEY, HANA FUCHS,** : | |
| **THEODORE DYSART, RAVI KANT,** : | |
| **JOHN J. CONEYS, STEVEN LEVITT,** : | |
| **CLARK KOKICH, STEVEN RAPPAPORT,** : | |
| **RICHARD PRICE, and MARK ATKINSON** : | |
| : | |
| **Defendants.** : | |

------------------------------------------------------------ X

**ANSWER AND SEPARATE AFFIRMATIVE DEFENSES**
**TO SECOND AMENDED COMPLAINT**

Defendant Brian Mullaney ("Mullaney" or the "Defendant") by and through his attorneys,

Amini LLC, by way of Answer and Separate Affirmative Defenses to the Second Amended

Complaint (the "SAC") filed by the plaintiff Vincent A. Sama, as Litigation Trustee of the

WonderWork Litigation Trust (the "Trustee" or "Plaintiff") respectfully states as follows:

## **Nature of the Action**

1.      Defendant Mullaney admits only that he was an officer of WonderWork, Inc. (the "Debtor").  The remainder of the allegations contained in paragraph 1 of the SAC contain legal conclusions to which no answer is required. To the extent a response is deemed required, Defendant Mullaney denies each and every allegation thereof.

2.      The allegations contained in paragraph 2 of the SAC are legal conclusions to which no answer is required.  To the extent a response is deemed required, Defendant Mullaney denies each and every allegation thereof.

3.      The allegations contained in paragraph 3 of the SAC contain legal conclusions to which no answer is required. To the extent a response is deemed required, Defendant Mullaney denies each and every allegation thereof.

4.      Defendant Mullaney is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the SAC. To the extent a response is deemed required, Defendant Mullaney denies each and every allegation thereof.

5.      The allegations contained in paragraph 5 of the SAC are legal conclusions to which no answer is required.  To the extent a response is deemed required, Defendant Mullaney denies each and every allegation thereof.

6.      Defendant Mullaney neither admits nor denies the allegations contained in paragraph 6 of the SAC.  Paragraph 6 purports to summarize the SAC, and Defendant Mullaney respectfully refers the Court to the SAC for the contents thereof.

## **The Parties And Other Significant Persons or Entities**

7.      Defendant Mullaney is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the SAC.

8.      Admitted.

9.      Admitted.

10.     Defendant Mullaney denies the allegations contained in paragraph 10 of the SAC but states that Hana Fuchs was the Chief Financial Officer of the Debtor.

11.     Admitted.

12.     Defendant Mullaney denies the allegations contained in paragraph 12 of the SAC but states that Karen Lazarus was Director of Strategic Projects.

13.     Admitted.

14.     Defendant Mullaney states that he lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the SAC but states that Ravi Kant served on the Debtor's Board of Directors.

15.     Defendant Mullaney states that he lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of the SAC but states that John C. Coneys served on the Debtor's Board of Directors.

16.     Defendant Mullaney states that he lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 of the SAC but states that Richard Steele served on the Debtor's Board of Directors.

17.     Defendant Mullaney states that he lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the SAC but states that Steven Levitt served on the Debtor's Board of Directors.

18.     Defendant Mullaney states that he lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of the SAC but states that Clark Kokich served

on the Debtor's Board of Directors.

19.    Defendant Mullaney states that he lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the SAC but states that Steven Rappaport served on the Debtor's Board of Directors.

20.    Defendant Mullaney states that he lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the SAC but states that Richard Price served on the Debtor's Board of Directors.

21.    Admitted.

## **JURISDICTION AND VENUE**

22.    The allegations contained in paragraph 22 of the SAC are legal conclusions to which no answer is required.  To the extent an answer is deemed required, Defendant Mullaney avers that Plaintiff purports to rely upon the statutory provisions set forth therein.

23.    The allegations contained in paragraph 23 of the SAC are legal conclusions to which no answer is required.  To the extent an answer is deemed required, Defendant Mullaney avers that Plaintiff purports to rely upon the statutory provisions set forth therein.

24.    The allegations contained in paragraph 24 of the SAC are legal conclusions to which no answer is required.  To the extent an answer is deemed required, Defendant Mullaney avers that Plaintiff purports to rely upon the statutory provisions set forth therein.

25.    Defendant Mullaney neither admits nor denies the allegations contained in paragraph 25 of the SAC.  Paragraph 25 purports to summarize the Plan[1] and Confirmation Order, and Defendant Mullaney respectfully refers the Court to those documents for the contents thereof.

---

[1]    All capitalized terms not otherwise defined herein shall bear the meaning given in the SAC.

26.    The allegations contained in paragraph 26 of the SAC are legal conclusions to which no answer is required.  Defendant Mullaney does not consent to the entry of final orders and judgments by this Court and reserves his right to have the reference of this adversary proceeding withdrawn and for it to continue in the District Court.

## PROCEDURAL AND FACTUAL BACKGROUND

27.    Defendant Mullaney neither admits nor denies the allegations contained in paragraph 27 of the SAC.  Paragraph 27 purports to describe the Debtor's bankruptcy petition and its Amended Schedules, and Defendant Mullaney respectfully refers the Court to those documents for the contents thereof.

28.    Defendant Mullaney neither admits nor denies the allegations contained in paragraph 28 of the SAC.  Paragraph 28 purports to describe the record of the Debtor's bankruptcy proceedings, and Defendant Mullaney respectfully refers the Court to the bankruptcy record for the contents thereof.

29.    Defendant Mullaney neither admits nor denies the allegations contained in paragraph 29 of the SAC.  Paragraph 29 purports to describe the record of the Debtor's bankruptcy proceedings, and Defendant Mullaney respectfully refers the Court to the bankruptcy record for the contents thereof.

30.    Defendant Mullaney neither admits nor denies the allegations contained in paragraph 30 of the SAC.  Paragraph 30 purports to describe the record of the Debtor's bankruptcy proceedings, and Defendant Mullaney respectfully refers the Court to the bankruptcy record for the contents thereof.

31.    Defendant Mullaney neither admits nor denies the allegations contained in paragraph 31 of the SAC.  Paragraph 31 purports to describe the record of the Debtor's bankruptcy proceedings,

and Defendant Mullaney respectfully refers the Court to the bankruptcy record for the contents thereof.

32.    Defendant Mullaney neither admits nor denies the allegations contained in paragraph 32 of the SAC.  Paragraph 32 purports to describe the record of the Debtor's bankruptcy proceedings, and Defendant Mullaney respectfully refers the Court to the bankruptcy record for the contents thereof.

33.    Defendant Mullaney admits only that he was interviewed by the Examiner.  Defendant Mullaney is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 33 of the SAC.

34.    Defendant Mullaney denies the allegations contained in paragraph 34 of the SAC and respectfully refers the Court to the bankruptcy record for the contents thereof.

35.    Defendant Mullaney admits only that he resigned in late October 2017.  Defendant Mullaney neither admits nor denies the allegations contained in paragraph 35 of the SAC regarding the bankruptcy record, and respectfully refers the Court to the bankruptcy record for the contents thereof.

36.    Defendant Mullaney neither admits nor denies the allegations contained in paragraph 36 of the SAC.  Paragraph 36 purports to describe the record of the Debtor's bankruptcy proceedings, and Defendant Mullaney respectfully refers the Court to the bankruptcy record for the contents thereof.

37.    Defendant Mullaney neither admits nor denies the allegations contained in paragraph 37 of the SAC.  Paragraph 37 purports to describe the record of the Debtor's bankruptcy proceedings, and Defendant Mullaney respectfully refers the Court to the bankruptcy record for the contents thereof.

38.     Defendant Mullaney neither admits nor denies the allegations contained in paragraph 38 of the SAC.  Paragraph 38 purports to describe the record of the Debtor's bankruptcy proceedings, and Defendant Mullaney respectfully refers the Court to the bankruptcy record for the contents thereof.

39.     Defendant Mullaney neither admits nor denies the allegations contained in paragraph 39 of the SAC.  Paragraph 39 purports to describe the WonderWork Litigation Trust and Declaration of Trust, as well as the Plan, and Defendant Mullaney respectfully refers the Court to those documents for the contents thereof.

40.     Defendant Mullaney denies the allegations contained in paragraph 40 of the SAC and respectfully refers the Court to the Plan for the contents thereof.

**Factual Background**

41.     Admitted.

42.     Defendant Mullaney admits only that the IRS approved the Debtor's tax-exempt status, and that the Debtor was registered to solicit charitable contributions in New York. Defendant Mullaney is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 42 of the SAC.

43.     The allegations contained in paragraph 43 of the SAC are legal conclusions to which no answer is required.

44.     Defendant Mullaney is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the SAC and respectfully refers the Court to the Debtor's CHAR500 submissions.

45.     Defendant Mullaney neither admits nor denies the allegations contained in paragraph 45 of the SAC.  Paragraph 45 purports to describe the Debtor's bylaws (and a subsequent amendment

thereto in 2016), and Defendant Mullaney respectfully refers the Court to those Bylaws (as amended) for the contents thereof.

46.    Defendant Mullaney admits only that he became President of the Debtor in or around April 2012. Defendant Mullaney neither admits nor denies the allegations contained in paragraph 46 regarding the Debtor's Certificate of Amendment, and respectfully refers the Court to that Certificate for the contents thereof.

47.    Defendant Mullaney neither admits nor denies the allegations contained in paragraph 47 of the SAC. Paragraph 47 contains allegations regarding the Debtor's Certificate of Amendment and prior incorporation documents, and Defendant Mullaney respectfully refers the Court to that Certificate and incorporation documents for the contents thereof.

48.    Admitted.

49.    Defendant Mullaney is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the SAC.

50.    Defendant Mullaney is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the SAC.

51.    Defendant Mullaney admits only that Dysart resigned from the Board in or around November 2015. Defendant Mullaney is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 51 of the SAC.

52.    Defendant Mullaney admits only that Levitt, Kokich, Rappaport, Price, Atkinson, and Steele joined the Board in or around December 2015. Defendant Mullaney neither admits nor denies the allegations contained in paragraph 52 regarding draft meeting minutes, and respectfully refers the Court to those draft minutes for the contents thereof. Defendant Mullaney is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in

paragraph 52.

53.     Defendant Mullaney is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the SAC.

54.     Denied.

55.     Denied.

56.     Defendant Mullaney denies the allegations contained in paragraph 56 of the SAC and respectfully refers the Court to the Examiner's Report for the contents thereof.

**Mullaney's Compensation Package**

57.     Denied.

58.     Denied.

**Mullaney's Compensation**

59.     Denied.

60.     Defendant Mullaney admits only that the Debtor engaged Pearl Meyer as a compensation consultant.  Defendant Mullaney neither admits nor denies the allegations contained in paragraph 60 regarding the Pearl Meyer engagement letter, and respectfully refers the Court to that letter for the contents thereof.  Defendant Mullaney denies the remaining allegations in paragraph 60.

61.     Defendant Mullaney denies the allegations contained in paragraph 61 of the SAC and respectfully refers the Court to the Pearl Meyer report for the contents thereof.

62.     Defendant Mullaney denies the allegations contained in paragraph 62 of the SAC and respectfully refers the Court to the Pearl Meyer report for the contents thereof.

63.     Denied.

64.     Defendant Mullaney admits only that he entered into a formal employment agreement

with the Debtor in or around December 2015. Defendant Mullaney is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 64 of the SAC.

65.    Defendant Mullaney neither admits nor denies the allegations contained in paragraph 65 of the SAC. Paragraph 65 contains allegations regarding Defendant Mullaney's Employment Agreement, and Defendant Mullaney respectfully refers the Court to that agreement for the contents thereof.

66.    Denied.

**The Travel Policy**

67.    Defendant Mullaney neither admits nor denies the allegations contained in paragraph 67 of the SAC. Paragraph 67 contains allegations regarding the Debtor's travel policy, and Defendant Mullaney respectfully refers the Court to that policy for the contents thereof.

68.    Denied.

69.    Defendant Mullaney admits only that he was reimbursed for certain travel expenses between Boston and the Debtor's New York office. The remaining allegations in paragraph 69 are denied.

**Insurance**

70.    Defendant Mullaney admits only that the Debtor maintained a life insurance policy for him from 2012 to 2016. The remaining allegations in paragraph 70 are denied.

71.    Defendant Mullaney is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the SAC.

**Legal Fees and Expenses**

72.    Denied.

73.    Denied.

74.    Defendant Mullaney denies the allegations contained in paragraph 74 of the SAC and respectfully refers the Court to the Board minutes and the record of the Smile Train Copyright Case for the contents thereof.

75.    Denied.

76.    Defendant Mullaney denies the allegations contained in paragraph 76 of the SAC and respectfully refers the Court to the Smile Train Copyright Case settlement agreement for the contents thereof.

77.    Denied.

78.    Denied.

79.    Defendant Mullaney denies the allegations contained in paragraph 79 of the SAC and respectfully refers the Court to the Smile Train UK Lawsuit record for the contents thereof and the Debtor's records for expenses incurred in connection therewith.

80.    Defendant Mullaney is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the SAC.

**Mullaney's Limbo Pay and Excessive Expenses**

81.    Denied.

82.    Defendant Mullaney denies the allegations contained in paragraph 82 of the SAC and respectfully refers the Court to the Examiner's Report for the contents thereof.

83.    Denied.

84.    Admitted.

85.    Denied.

86.     Denied.

87.     Denied.

88.     Denied.

**Fuchs Compensation**

89.     Defendant Mullaney admits only that the Debtor agreed to provide Fuchs with a signing bonus and a three-year employment contract.  The remaining allegations contained in paragraph 89 are denied.

90.     Defendant Mullaney admits only that the Debtor agreed to provide Lazarus and Greenwood with signing bonuses.  Defendant Mullaney is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 90 of the SAC.

**Internal Controls, Accounting, and Fundraising**

91.     Denied.

92.     Defendant Mullaney denies the allegations contained in paragraph 92 of the SAC and respectfully refers the Court to the Policy Manual.

93.     Defendant Mullaney neither admits nor denies the allegations contained in paragraph 93 of the SAC. The allegations in paragraph 93 purportedly describe the Policy Manual, and Defendant Mullaney respectfully refers the Court to the manual for the contents thereof.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.    Denied.

**Debtor Enters Into Impact Loans, Which Render it Insolvent**

99.    Defendant Mullaney admits only that the Debtor entered into a series of impact loans and respectfully refers the Court to those loan agreements for the terms and conditions thereof. Defendant Mullaney is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 99.

100.    Admitted.

101.    Defendant Mullaney neither admits nor denies the allegations contained in paragraph 101 of the SAC.  The allegations in paragraph 101 purportedly describe various loan documents, and Defendant Mullaney respectfully refers the Court to those loan documents and the Debtor's financial records for the contents thereof.

102.    Denied.

103.    Denied.

**The HelpMeSee Arbitration**

104.    Denied.

105.    Defendant Mullaney neither admits nor denies the allegations contained in paragraph 105 of the SAC. The allegations in paragraph 105 purportedly describe a written fundraising agreement, and Defendant Mullaney respectfully refers the Court to that agreement for the contents thereof.

106.    Defendant Mullaney neither admits nor denies the allegations contained in paragraph 106 of the SAC.  The allegations in paragraph 106 purportedly describe a written termination letter, as well as the record in the HelpMeSee Arbitration, and Defendant Mullaney respectfully refers the

Court to that letter and arbitration record for the contents thereof.

107.    Defendant Mullaney neither admits nor denies the allegations contained in paragraph 107 of the SAC.  The allegations in paragraph 107 purportedly describe the record in the HelpMeSee Arbitration, and Defendant Mullaney respectfully refers the Court to that arbitration record for the contents thereof.

108.    Defendant Mullaney neither admits nor denies the allegations contained in paragraph 108 of the SAC.  The allegations in paragraph 108 purportedly describe a written Partial Final Award, as well as the record in the HelpMeSee Arbitration, and Defendant Mullaney respectfully refers the Court to that partial award and arbitration record for the contents thereof.

109.    Defendant Mullaney is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of the SAC.

110.    Defendant Mullaney neither admits nor denies the allegations contained in paragraph 110 of the SAC. The allegations in paragraph 110 purportedly describe the Final Award in the HelpMeSee Arbitration, and Defendant Mullaney respectfully refers the Court to that award for the contents thereof.

111.    Denied.

112.    Defendant Mullaney denies the allegations contained in paragraph 112 and respectfully refers the Court to the HelpMeSee arbitration award for the contents thereof.

113.    Defendant Mullaney neither admits nor denies the allegations contained in paragraph 113 of the SAC.  Paragraph 113 purportedly describes the arbitration Award, and Defendant Mullaney respectfully refers the Court to that arbitration award for the contents thereof.

114.    Defendant Mullaney is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114 of the SAC.  To the extent a response is

14

deemed required, Defendant Mullaney denies each and every allegation thereof.

**The Trustee Motion and Appointment of an Examiner**

115.    Defendant Mullaney neither admits nor denies the allegations contained in paragraph 115 of the SAC.  The allegations in paragraph 115 purportedly describe a written Trustee Motion, as well as the record in the Debtor's bankruptcy, and Defendant Mullaney respectfully refers the Court to that Trustee Motion and bankruptcy record for the contents thereof.

116.    Defendant Mullaney neither admits nor denies the allegations contained in paragraph 116 of the SAC.  The allegations in paragraph 116 purportedly describe a written Trustee Motion, and Defendant Mullaney respectfully refers the Court to that Trustee Motion for the contents thereof.

117.    Defendant Mullaney neither admits nor denies the allegations contained in paragraph 117 of the SAC.  The allegations in paragraph 117 purportedly describe written declarations, as well as the record in the Debtor's bankruptcy, and Defendant Mullaney respectfully refers the Court to those declarations and bankruptcy record for the contents thereof.

118.    Defendant Mullaney neither admits nor denies the allegations contained in paragraph 118 of the SAC.  The allegations in paragraph 118 purportedly describe a written declaration, and Defendant Mullaney respectfully refers the Court to that declaration for the contents thereof.

119.    Defendant Mullaney neither admits nor denies the allegations contained in paragraph 119 of the SAC.  The allegations in paragraph 119 purportedly describe written declarations, and Defendant Mullaney respectfully refers the Court to those declarations for the contents thereof.

120.    Defendant Mullaney neither admits nor denies the allegations contained in paragraph 120 of the SAC.  The allegations in paragraph 120 purportedly describe written declarations, and Defendant Mullaney respectfully refers the Court to those declarations for the contents thereof.

121.    Defendant Mullaney denies the allegations contained in paragraph 121 of the SAC and

respectfully refers the Court to the Examiner's Report for the contents thereof.

122.    Defendant Mullaney denies the allegations contained in paragraph 122 of the SAC and respectfully refers the Court to the written declarations for the contents thereof.

123.    Defendant Mullaney neither admits nor denies the allegations contained in paragraph 123 of the SAC.  The allegations in paragraph 123 purportedly describe written Court Order, as well as the record in the Debtor's bankruptcy, and Defendant Mullaney respectfully refers the Court to that order and bankruptcy record for the contents thereof.

124.    Defendant Mullaney neither admits nor denies the allegations contained in paragraph 124 of the SAC.  The allegations in paragraph 124 purportedly describe a written Examiner Order, as well as the record in the Debtor's bankruptcy, and Defendant Mullaney respectfully refers the Court to that order and bankruptcy record for the contents thereof.

**The BDO Audit**

125.    Defendant Mullaney admits only that the Debtor retained BDO in the spring of 2017 to audit its financial statements for its fiscal year ending June 30, 2016 and to prepare certain required tax filings for that period.  The remining allegations contained in paragraph 125 are denied.

126.    Defendant Mullaney is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 126 of the SAC.

127.    Defendant Mullaney denies the allegations contained in paragraph 127 of the SAC and respectfully refers the Court to the BDO letter dated September 1, 2017 for the contents thereof.

128.    Defendant Mullaney neither admits nor denies the allegations contained in paragraph 128 of the SAC.  Paragraph 128 purportedly describes the DBO letter dated September 1, 2017, and Defendant Mullaney respectfully refers the Court to that letter for the contents thereof.

129.    Defendant Mullaney neither admits nor denies the allegations contained in paragraph

129 of the SAC regarding the DBO letter dated September 1, 2017, and respectfully refers the Court to that letter for the contents thereof.  Defendant Mullaney is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 129.

130.    Defendant Mullaney denies the allegations contained in paragraph 130 and respectfully refers the Court to the record in Debtor's bankruptcy for the contents thereof.

**Unauthorized Non-Ordinary Course Payments**

131.    Defendant Mullaney admits only that he requested payment for past-due compensation from the Debtor in late September 2017.  Defendant Mullaney is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 131 of the SAC.

132.    Defendant Mullaney admits only that he requested payment of his October 2017 salary from the Debtor in mid-October 2017.  Defendant Mullaney is without knowledge or information sufficient to form a belief as to when the Examiner's Report was due to be filed and denies the remaining allegations contained in paragraph 132.

133.    Denied.

134.    Denied.

**Bankruptcy Costs**

135.    Denied.

136.    Denied.

137.    Denied.

### FIRST CLAIM OF RELIEF

**Breach of Fiduciary Duties**
**(Against Defendant Theodore Dysart)**

138.    Defendant Mullaney repeats and restates each and every answer set forth above as if set forth fully at length herein.

139-142.    Defendant Mullaney makes no further response to the allegations in the First Claim of Relief because the First Claim of Relief is not directed to Defendant Mullaney and does not state a claim against him.  Insofar as the allegations asserted in First Claim of Relief can be construed to be directed to Defendant Mullaney, they are denied.

### SECOND CLAIM OF RELIEF

**Breach of Fiduciary Duties**
**(Against Defendant John J. Coneys)**

143.    Defendant Mullaney repeats and restates each and every answer set forth as if set forth fully at length herein.

144-147.    Defendant Mullaney makes no further response to the allegations in the Second Claim of Relief because the Second Claim of Relief is not directed to Defendant Mullaney and does not state a claim against him. Insofar as the allegations asserted in Second Claim of Relief can be construed to be directed to Defendant Mullaney, they are denied.

### THIRD CLAIM OF RELIEF

**Breach of Fiduciary Duties**
**(Against Defendant Steven Levitt)**

148.    Defendant Mullaney repeats and restates each and every answer set forth above as if set forth fully at length herein.

149-152.    Defendant Mullaney makes no further response to the allegations in the Third Claim of Relief because the Third Claim of Relief is not directed to Defendant Mullaney and does not state a claim against him. Insofar as the allegations asserted in Third Claim of Relief can be construed to be directed to Defendant Mullaney, they are denied.

## FOURTH CLAIM OF RELIEF

### Breach of Fiduciary Duties
### (Against Defendant Clark Kokich)

153.    Defendant Mullaney repeats and restates each and every answer set forth above as if set forth fully at length herein.

154-157.    Defendant Mullaney makes no further response to the allegations in the Fourth Claim of Relief because the Fourth Claim of Relief is not directed to Defendant Mullaney and does not state a claim against him. Insofar as the allegations asserted in Fourth Claim of Relief can be construed to be directed to Defendant Mullaney, they are denied.

## FIFTH CLAIM OF RELIEF

### Breach of Fiduciary Duties
### (Against Defendant Steven Rappaport)

158.    Defendant Mullaney repeats and restates each and every answer set forth above as if set forth fully at length herein.

159-162.    Defendant Mullaney makes no further response to the allegations in the Fifth Claim of Relief because the Fifth Claim of Relief is not directed to Defendant Mullaney and does not state a claim against him. Insofar as the allegations asserted in Fifth Claim of Relief can be construed to be directed to Defendant Mullaney, they are denied.

## SIXTH CLAIM OF RELIEF

### Breach of Fiduciary Duties
### (Against Defendant Richard Price)

163.    Defendant Mullaney repeats and restates each and every answer set forth above as if set forth fully at length herein.

164-167.    Defendant Mullaney makes no further response to the allegations in the Sixth Claim of Relief because the Sixth Claim of Relief is not directed to Defendant Mullaney and does not state a claim against him. Insofar as the allegations asserted in Sixth Claim of Relief can be construed to be directed to Defendant Mullaney, they are denied.

### SEVENTH CLAIM OF RELIEF

**Breach of Fiduciary Duties**
**(Against Defendant Mark Atkinson)**

168.    Defendant Mullaney repeats and restates each and every answer set forth above as if set forth fully at length herein.

169-172.    Defendant Mullaney makes no further response to the allegations in the Seventh Claim of Relief because the Seventh Claim of Relief is not directed to Defendant Mullaney and does not state a claim against him.  Insofar as the allegations asserted in Seventh Claim of Relief can be construed to be directed to Defendant Mullaney, they are denied.

### EIGHTH CLAIM OF RELIEF

**Breach of Fiduciary Duties**
**(Against Defendant Brian Mullaney)**

173.    Defendant Mullaney repeats and restates each and every answer set forth above as if set forth fully at length herein.

174.    Defendant Mullaney admits only that he was an officer of the Debtor.  The remaining allegations contained in paragraph 174 of the SAC are legal conclusions to which no answer is required.

175.    Denied.

176.    Denied.

177.    Denied.

178.    The allegations contained in paragraph 178 of the SAC are legal conclusions to which no answer is required.

### NINTH CLAIM OF RELIEF

**Breach of Fiduciary Duties**
**(Against Defendant Hana Fuchs)**

179.    Defendant Mullaney repeats and restates each and every answer set forth above as if set forth fully at length herein.

180-184.    Defendant Mullaney makes no further response to the allegations in the Ninth Claim of Relief because the Ninth Claim of Relief is not directed to Defendant Mullaney and does not state a claim against him.  Insofar as the allegations asserted in Ninth Claim of Relief can be construed to be directed to Defendant Mullaney, they are denied.

## TENTH CLAIM OF RELIEF

### Constructive Fraudulent Conveyance Under Section 544(b) of the Bankruptcy Code (Against Defendant Brian Mullaney)

185.    Defendant Mullaney repeats and restates each and every answer set forth above as if set forth fully at length herein.

186.    Denied.

187.    Denied.

188.    Denied.

189.    Denied.

190.    Defendant Mullaney neither admits nor denies the allegations in paragraph 190 of the SAC as they do not relate to him.

191.    Denied.

192.    The allegations contained in paragraph 192 of the SAC are legal conclusions to which no answer is required.  To the extent an answer is deemed required, Defendant Mullaney avers that Plaintiff purports to rely upon the statutory provisions set forth therein.

## ELEVENTH CLAIM OF RELIEF

### Fraudulent Transfer Under Section 548(a)(1)(B) of the Bankruptcy Code (Against Defendant Brian Mullaney)

193.    Defendant Mullaney repeats and restates each and every answer set forth above as if set forth fully at length herein.

194.    Denied.

195.    Denied.

196.    Denied.

197.    Denied.

198.    Defendant Mullaney neither admits nor denies the allegations in paragraph 198 of the SAC as they do not relate to him.

199.    Denied.

200.    The allegations contained in paragraph 200 of the SAC are legal conclusions to which no answer is required.  To the extent an answer is deemed required, Defendant Mullaney avers that Plaintiff purports to rely upon the statutory provisions set forth therein.

## TWELFTH CLAIM OF RELIEF

**Fraudulent Conveyance Under Section 548(a)(1)(B) of the Bankruptcy Code**
**(Against Defendant Brian Mullaney)**

201.    Defendant Mullaney repeats and restates each and every answer set forth above as if set forth fully at length herein.

202.    Denied.

203.    Denied.

204.    Denied.

205.    Denied.

206.    Defendant Mullaney neither admits nor denies the allegations in paragraph 206 of the SAC as they do not relate to him.

207.    Denied.

208.    The allegations contained in paragraph 208 of the SAC are legal conclusions to which no answer is required.  To the extent an answer is deemed required, Defendant Mullaney avers that Plaintiff purports to rely upon the statutory provisions set forth therein.

## THIRTEENTH CLAIM OF RELIEF

### Avoidance and Recovery of Preferential Transfers
### (Against Defendant Brian Mullaney)

209.  Defendant Mullaney repeats and restates each and every answer set forth above as if set forth fully at length herein.

210.  Defendant Mullaney admits only that he received $475,000 for compensation from the Debtor within one year of the Petition Date.  The remaining allegations in paragraph 210 are denied.

211.  Denied.

212.  Denied.

213.  Denied.

214.  Denied.

215.  Denied.

216.  The allegations contained in paragraph 216 of the SAC are legal conclusions to which no answer is required.  To the extent an answer is deemed required, Defendant Mullaney avers that Plaintiff purports to rely upon the statutory provisions set forth therein.

## FOURTEENTH CLAIM OF RELIEF

### Avoidable Transfer Under Section 549(Against Defendant Brian Mullaney)

217.  Defendant Mullaney repeats and restates each and every answer set forth above as if set forth fully at length herein.

218.  Denied.

219.  Denied.

220.  Denied.

221.  Denied.

222.  Denied.

223.    The allegations contained in paragraph 223 of the SAC are legal conclusions to which no answer is required.

224.    The allegations contained in paragraph 224 of the SAC are legal conclusions to which no answer is required.  To the extent an answer is deemed required, Defendant Mullaney avers that Plaintiff purports to rely upon the statutory provisions set forth therein.

## FIFTEENTH CLAIM OF RELIEF

**Disallowance of Claim**
**(Against Defendant Brian Mullaney)**

225.    Defendant Mullaney repeats and restates each and every answer set forth above as if set forth fully at length herein.

226.    Defendant Mullaney admits only that he is a creditor holding an unsecured claim for unpaid compensation.

227.    Denied.

228.    The allegations contained in paragraph 228 of the SAC are legal conclusions to which no answer is required.

229.    Denied.

## SIXTEENTH CLAIM OF RELIEF

**Disallowance of Claim under Section 502(d) of the Bankruptcy Code**
**(Against Defendant Brian Mullaney)**

230.    Defendant Mullaney repeats and restates each and every answer set forth above as if set forth fully at length herein.

231.    Admitted.

232.    Denied.

233.    Denied.

To the extent that a response to the Plaintiff's prayer for relief is required, Defendant Mullaney denies that Plaintiff is entitled the relief sought against him.

## SEPARATE AFFIRMATIVE DEFENSES

Without admitting any liability under the SAC, Defendant Mullaney asserts the following affirmative defenses and expressly reserves his rights to supplement these separate affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant Mullaney fail, in whole or in part, to state a cause of action against Defendant Mullaney upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant Mullaney are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant Mullaney are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, release, *in pari delicto* and/or unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Defendant Mullaney acted at all times in good faith.

### FIFTH AFFIRMATIVE DEFENSE

Defendant Mullaney relied on auditors and other outside professionals to confirm the Debtor's internal controls surrounding business practices and its books and records.

### SIXTH AFFIRMATIVE DEFENSE

The SAC fails to plead the claims against Defendant Mullaney with the required level of particularity.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks to amend to include any additional claims not covered by the SAC, such claims are barred by the statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent the Debtor transferred any interest in property to or for the benefit of Mullaney during the preference period, such transfers were intended by the Debtor and Mullaney to be contemporaneous exchanges for new value given to the Debtor, and the transfers were, in fact, substantially contemporaneous exchanges. 11 U.S.C. § 547(c)(1).

## NINTH AFFIRMATIVE DEFENSE

To the extent the Debtor transferred any interest in property to or for the benefit of Defendant Mullaney during the Preference Period, such transfers were in payment of a debt incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and Mullaney and either (i) made in the ordinary course of business or financial affairs of the Debtor and Mullaney or (ii) made according to ordinary business terms. 11 U.S.C. § 547(c)(2).

## TENTH AFFIRMATIVE DEFENSE

To the extent that the Debtor transferred any interest in property to or for the benefit of Defendant Mullaney during the Preference Period, such transfers were made for new value given to or for the benefit of the Debtor, not secured by an otherwise unavoidable security interest and on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of Defendant Mullaney. 11 U.S.C. § 547(c)(4).

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent Defendant Mullaney received the alleged transfers, such transfers were not made while the Debtor was insolvent.

## TWELFTH AFFIRMATIVE DEFENSE

The Litigation Trustee's constructive fraudulent conveyance, fraudulent conveyance, fraudulent transfer, and avoidable transfer claims are barred, in whole or in part, because Defendant Mullaney took the challenged transfers for value and in good faith and the Debtor received reasonably

equivalent value in exchange for the alleged transfers or obligations incurred. The transfers are thus not avoidable or recoverable as against Defendant Mullaney under sections 544, 548, 549 and 550 of the Bankruptcy Code.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Litigation Trustee's claims are barred, in whole or in part, because he lacks standing to bring them.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Litigation Trustee's claims are barred, in whole or in part, on the grounds of mootness.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Litigation Trustee's claims are barred, in whole or in part, because the Debtor's estate would be unjustly enriched it if were permitted to obtain recovery in this action.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant Mullaney is entitled to setoff or recoupment against any claim for any amounts owed to Defendant Mullaney by the Debtor for unpaid post-petition charges which are entitled to an administrative expense priority under 11 U.S.C. § 503.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant Mullaney denies each and every allegation of the SAC not admitted or otherwise controverted or qualified and further denies that Plaintiff is entitled to any relief whatsoever from Defendant Mullaney.

### FEDERAL RULE OF BANKRUPTCY PROCEDURE 7012(B) STATEMENT

To the extent the Litigation Trustee's claims are non-core, Defendant Mullaney does not consent to the entry of final orders or judgment by the Bankruptcy Court with respect to such non-core claim or claims.

## RESERVATION OF RIGHTS

Defendant Mullaney expressly reserves the right to raise and assert any and all additional defenses as additional facts are developed during discovery and the balance of litigation.

## JURY DEMAND

Pursuant to Rule 9015 of the Federal Rules of Bankruptcy Procedure, Defendant Mullaney hereby demands a jury trial on all issues so triable.

**WHEREFORE**, Defendant Mullaney respectfully requests judgment in his favor, dismissing the claims and causes of action in the SAC asserted against him with prejudice and granting such other and further relief as deemed appropriate, including without limitation the award of attorneys' fees and costs.

Dated: New York, New York
      February 26, 2021

**AMINI LLC**

By: */s/ Bijan Amini*
    Bijan Amini
    Michael Igyarto
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
bamini@aminillc.com
migyarto@aminillc.com

*Attorneys for Defendant Brian Mullaney*